IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LEON K. CARTER                                                              PLAINTIFF

v.                                 Civil No.4:17-cv-04040

CODY FURGUSION, Nevada
County Police Department; and
NEVADA COUNTY SHERIFF'S
DEPARTMENT                                                 DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Leon K. Carter filed this case *pro se* pursuant to 42 U.S.C. § 1983 on April 19, 2017, in the Eastern District of Arkansas. ECF No. 1. On June 5, 2017, the case was transferred from the Eastern District of Arkansas to the Western District of Arkansas, Texarkana Division. ECF No. 5. Plaintiff's application to proceed *in forma pauperis* ("IFP") was on granted on June 6, 2017. ECF No. 8. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before me is the issue of preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### BACKGROUND

Plaintiff is currently an inmate in the Arkansas Department of Correction – North Central Unit – in Calico Rock. ECF No. 1. At the time of the alleged incident, Plaintiff was serving a sentence as a result of a judgment of conviction in the Nevada County Jail in Prescott, Arkansas. Plaintiff has named the following Defendants in this lawsuit: Cody Fergusion with the Nevada

County Police Department and the Sheriff's Department of Nevada County. He is suing the Defendants in both their individual and official capacities. He is seeking to be "compensated for pain and suffering." ECF No. 1.

Plaintiff claims while he was in the Nevada County Jail a "situation ignited with a troubleson inmate ….the inmate had a plastic ink pen and a soda bottle full of cleaning solution that he threating to pour" on another inmate. Plaintiff alleges "Police Officer Cody Furgusion enter Nevada County Jail walk in C Barracks on 12/27/2016 with a Glock 45 on his side hip" and "Nevada County Sheriff Department did not provide safety for me on 12/27/2016." ECF No. 1. Plaintiff claims he felt "threating and stayed by the door" and was "very upset". ECF No. 1. Plaintiff does not allege he suffered any physical injury as a result of the incident.

## APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *See West v. Atkins,* 487 U.S. 42, 48 (1988). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

**DISCUSSION**

A complaint should be dismissed for failure to state a claim if it appears beyond a doubt the plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.,* 298 F.3d 736, 740 (8th Cir. 2001). The facts set forth in Plaintiff's Complaint do not support any plausible cause of action for relief under 42 U.S.C. § 1983 for several reasons.

1. <u>Official Capacity Claims</u>

Under section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. *Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir. 1998). With respect to the official capacity claims, they are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home,* 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, Plaintiff's official capacity claims against Defendants are treated as claims against Nevada County. *See Murray v. Lene,* 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Nevada County's liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). The applicable law has been summarized as follows:

> There are two basic circumstances under which municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful municipal policy or custom was adopted with "deliberate indifference" to its known or obvious consequences. *Seymour v. City of Des Moines*, 519 F.3d 790, 800 (8th Cir. 2008). There need not be a finding that a municipal employee is liable in his or her individual capacity

>before municipal liability can attach. *Speer v. City of Wynne*, 276 F.3d 980 (8th Cir. 2002); *Parrish v. Luckie*, 963 F.2d 201, 207 (8th Cir. 1992) ("A public entity or supervisory official may be held liable under § 1983 even though no government individuals were personally liable."). Where an official policy is itself unconstitutional or directs employees to take unconstitutional action, no evidence beyond a statement of the policy and its exercise is necessary to establish § 1983 liability. *Szabla v. City of Brooklyn Park*, 486 F.3d 385, 389-90 (8th Cir. 2007).

*Id.* at 817-18.

To establish the existence of an unconstitutional policy, Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whiteledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). In *Johnson v. Douglas County Medical Dept.*, 725 F.3d 825 (8th Cir. 2013), the Court outlined the necessary elements for establishing the existence of an unconstitutional custom:

>1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and 3) That Plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was the moving force behind the constitutional violation.

Plaintiff's allegations in his Complaint do not suggest the existence of any unconstitutional policy or custom of Nevada County. Plaintiff alleges Defendant Furgusion disregarded his safety, on one occasion, by entering the C Barracks of the Nevada County Jail with a Glock 45 on his hip. ECF No.1. There is no evidence of an unconstitutional policy or custom of the Nevada County Jail that contributed in any way to a violation of Plaintiff's constitutional rights. As a result, Plaintiff has failed to state a claim against any Defendant in their official capacity.

2. <u>Failure to Protect</u>

Prison officials have a duty, under the Eighth Amendment, to protect prisoners from violence at the hands of other prisoners. *See Perkins v. Grimes,* 161 F.3d 1127, 1129 (8th Cir.

1998). *Kahle v. Leonard,* 477 F.3d 544, 550 (8th Cir. 2007). To prevail on his failure to protect claim, Plaintiff must satisfy a two prong test: (1) show he was "incarcerated under conditions posing a substantial risk of serious harm;" and (2) the prison officials were "deliberately indifferent [to his] health or safety." *See Holden v. Hirner,* 663 F.3d 336, 341 (8th Cir. 2011) (internal citations omitted). The first prong is an objective requirement to ensure the deprivation is a violation of a constitutional right. *Id.* The second, however, is subjective requiring Plaintiff show the official "both knew of and disregarded 'an excessive risk to inmate's health or safety.'" *Id. (quoting Farmers,* 511 U.S. at 837). "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Young v. Selk,* 508 F.3d 868, 873 (8th Cir. 2007). Negligence alone is insufficient to meet the second prong, instead, the official must "recklessly disregard a known, excessive risk of serious harm to the inmate." *Davis v. Oregon County,* 607 F.3d 543, 549 (8th Cir. 2010) (internal quotation marks and citation omitted). Furthermore, "[c]laims under the Eighth Amendment require a compensable injury to be greater than *de minimis*." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).

The presence of a loaded gun in the Nevada County Jail in close proximity to inmates may in fact demonstrate Plaintiff was incarcerated under conditions posing a substantial risk of serious harm even if only for a few minutes. No one was injured on December 27, 2016, when Defendant Furgusion entered the Nevada County Jail with his gun in response to an escalating incident involving an inmate. However, Defendant Furgusion did not intentionally endanger Plaintiff or any other inmate that day. At most, his conduct may have been negligent. The law is clear - mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

In addition, other than feeling threatened and upset that day, Plaintiff did not sustain any injury or suffer any harm to his health as a result of the alleged incident. The Prison Litigation Reform Act, codified as 42 U.S.C. § 1997e(e), section 803(d) provides as follows: "No Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Consequently, even if Defendant Furgusion's conduct can somehow be construed as violating Plaintiff's constitutional rights, compensatory damages cannot be awarded for the violation alone. There must be an actual injury resulting from the violation to warrant damages. *See Memphis Community School Dist. v. Stachura,* 477 U.S. 299, 307 (1986) ("[w]here no injury was present, no compensatory damages could be awarded.") (internal quotations omitted).

## CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint against all defendants be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 19th day of June 2017.**

          /s/ Barry A. Bryant
          HON. BARRY A. BRYANT
          UNITED STATES MAGISTRATE JUDGE